UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD LEE BATES, JR.,

                                Petitioner,

                -against-

NEW YORK PAROLE, et al.,

                                Respondents.

20-CV-6818 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Petitioner, currently in the custody of the New York State Division of Parole, brings this

*pro se* action, which the Court construes as a petition for a writ of *habeas corpus* under 28

U.S.C. § 2254. By order dated October 22, 2020, the Court granted Petitioner's request to

proceed *in forma pauperis* ("IFP"). The Court directs Petitioner to file an amended petition

within sixty days of the date of this order as detailed below.

## STANDARD OF REVIEW

        The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under

Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a

§ 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123

(2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret

them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law."

*Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings his claims using the Supreme Court of New York, Cayuga County's

petition for *habeas corpus* form, but the information he provides often appears unrelated to the

questions asked on the form. The following allegations are taken from the petition.

Petitioner states that, "[i]n 2014 I never broke into Affinna Hotel or Hampton Inn in New

York City it was not second degree burglary only criminal trespass I'm innocent." (ECF No. 1, at

1.) He is "being illegally detained at Auburn, NY Correctional Facility." (*Id.*)

Petitioner asks the Court to "Over turn my 12 months DOCCS NY parole violation from

off of Rikers Island parole writ court and regular court new." (*Id.*) He writes,

> I did 3 ½ years in NY maxs [sic] prisons 5 years post release is illegal unlawful your [sic] not suppose to have more parole time than your prison bid so release me out of Auburn NY Correctional Facility – 8/2020 I need my NYork post release supervision transferred out of state to Tulsa, Oklahoma so I can go home to my family I need a plane ticket paid for by New York Governor Andrew Cuomo/ send me home people wear [sic] I'm born an raised Tulsa, Oklahoma.

(*Id.* at 4.)

Petitioner appears to suggest that he has filed a previous petition, and states it was denied

"for not haven [sic] a lawyer/and rasim [sic] people I'm fuckin innocent I'm not suppose to be in

prison send me – back home to Tulsa, Oklahoma 8-2020 I'm 42 years old." (*Id.*)

The petition includes various other requests for relief, including a request to place money

in a "Tulsa, Oklahoma federal bank account" and provide Petitioner the pin number to access the

account, *id.* at 5, and to fire the Manhattan District Attorney and several New York City Police

Officers, *id.* at 6. Petitioner further states, "I need money from Downstate Correctional Facility

Fishkill NY – Need President Donald Trump $ 999.888-999 billion dollars." (*Id.* at 9.)

2

In his application to proceed *in forma pauperis*, Petitioner indicates that he is scheduled to be released in September 2020. Public records maintained by the New York State Department of Corrections and Community Supervision ("NY DOCCS") confirm that Petitioner was released to parole on September 8, 2020.[1] He provides a Tulsa, Oklahoma address on his IFP application, but he has not provided the Court with an updated New York address.

## DISCUSSION

Because Petitioner brings his claims using a *habeas corpus* form and appears to challenge the conditions of his parole, but also seeks money damages, the Court construes the submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, as well as a civil action for damages under 42 U.S.C. § 1983.

### A.    Claims for Money Damages

The Court construes Petitioner's requests for plane tickets and for money to be placed into a bank account as asserting claims for money damages under § 1983. But by order dated June 26, 2019, the Court barred Petitioner from filing any new federal civil action IFP while incarcerated without first obtaining from the Court permission to file. *See Bates v. Jhon F. Kenndy Air Port Police Dep't*, ECF 1:18-CV-9211, 7 (S.D.N.Y. June 26, 2019). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] *See* NY DOCCS Inmate Lookup,
http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000.

Petitioner has filed this new action, a petition for a writ of *habeas corpus* that also includes claims for money damages, but the petition does not show that Petitioner is in imminent danger of serious physical injury.[2] Petitioner is therefore barred from bringing claims for money damages while proceeding IFP, and the Court dismisses any such claims without prejudice.[3]

**B.      Rule 2 of the Rules Governing Section 2254 Cases**

The Court construes Petitioner's remaining claims as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. A state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

This Petition does not conform to the requirements of Rule 2(c). Petitioner fails to specify the conviction or sentence that he's challenging, his grounds for relief, and the supporting facts. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that neither the Court nor a respondent could discern the constitutional basis for the petition.[4]

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] *Habeas* petitions and appeals are not civil actions within the meaning of 28 U.S.C. § 1915(g). *See Jones v. Smith*, 720 F.3d 142 (2d Cir. 2013). Petitioner is therefore not barred under § 1915 from bringing claims for *habeas* relief, and the Court's October 22, 2020 order granting Petitioner's request to proceed IFP was limited to his claims for *habeas* relief.

[4] To the extent Petitioner is challenging a decision of New York parole officials denying a request to transfer his supervision to Oklahoma, such decisions are not reviewable in a federal

C.      **Exhaustion of State Court Remedies**

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under § 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust any issues for purpose of *habeas corpus* review, Petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70 (McKinney 2010). Should that court's decision adversely affect Petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20 (McKinney 2010); *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should Petitioner raise for *habeas corpus* relief any grounds raised in N.Y. Crim. P. L.

---

petition for *habeas corpus*. *See Bressette v. New York State Div. of Parole*, 2 F. Supp. 2d 383, 387 (W.D.N.Y. May 27, 1998) (holding that denial of petitioner's request to be released to Florida was "not the subject of federal habeas corpus review"). There is no constitutional right to be released on parole or to be free from parole conditions. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Conditions of parole, including the location of an individual's supervision, "are discretionary and not subject to judicial review in the absence of showing that the [parole] board or its agents acted in an arbitrary and capricious manner." *Pena v. Travis*, No. 01-CV-8534 (SAS), 2002 WL 31886175, at *13 (S.D.N.Y. Dec. 27, 2002); *see also* N.Y. Exec. Law § 259-i(5) ("Any action by the [parole] board or by a hearing officer pursuant to this article shall be deemed a judicial function and shall not be reviewable if done in accordance with law."). Moreover, any review of conditions of parole is generally a matter for state courts. *See Pena*, 2002 WL 31886175, at *9-10.

§ 440.10 motions and/or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

It does not appear that Petitioner has exhausted the issues he raises in this petition. New York State records show that the Appellate Division, First Department, affirmed Petitioner's conviction and the Court of Appeals denied leave to appeal. *See People v. Bates*, 168 A.D.3d 617 (1st Dep't Jan. 29, 2019), *leave to appeal denied*, 33 N.Y.3d 974 (Apr. 2, 2019). But Petitioner does not appear to challenge his conviction. He appears instead to challenge the conditions of his parole. New York State records do not show that Petitioner has exhausted any challenge to the conditions of his parole, and the petition alleges no facts suggesting that Petitioner has exhausted any such claims.

**D.      Leave to Amend Petition**

The Court grants Petitioner leave to submit an amended petition within sixty days of the date of this order. Should Petitioner decide to file an amended petition, he must state his grounds for relief and detail the steps he has taken to exhaust them fully in the New York courts. Petitioner must exhaust all available state court remedies in order to proceed with this Petition.[5] *See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner at the address listed on the docket, and to 7237 S. 87th East Pl., Apt. 106, Tulsa, Oklahoma 74133, and note

---

[5] The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal *habeas corpus* petition must be filed within one year of the latest of four dates specified. *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

service on the docket. Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within sixty days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

SO ORDERED.

Dated:    October 23, 2020
          New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

✎AO 241                                                                                        Page 2
(Rev. 10/07)       **AMENDED**        _____ Civ. _____ (        )
PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)      Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:


   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime?     ❏ Yes     ❏ No

5. Identify all crimes of which you were convicted and sentenced in this case:




6. (a) What was your plea? (Check one)

                    ❏  (1)     Not guilty          ❏  (3)     Nolo contendere (no contest)

                    ❏  (2)     Guilty              ❏  (4)     Insanity plea

✎AO 241                                                                                                                    Page 3
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒   Jury      ❒   Judge only

7.        Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒   Yes      ❒   No

8.        Did you appeal from the judgment of conviction?

❒   Yes      ❒   No

9.        If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ❒   Yes        ❒   No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ❐ Yes   ❐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ❐ Yes   ❐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes   ❐ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes    ☐   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes      ❒  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:      ❒  Yes      ❒  No

(2)  Second petition:   ❒  Yes      ❒  No

(3)  Third petition:      ❒  Yes      ❒  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)      **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?      ❑ Yes      ❑ No

      (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ❑   Yes      ❑   No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition?                ❑ Yes      ❑ No

      (4) Did you appeal from the denial of your motion or petition?            ❑ Yes      ❑ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❑ Yes      ❑ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:


**GROUND TWO:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground Two, explain why:


(c)      **Direct Appeal of Ground Two:**

         (1) If you appealed from the judgment of conviction, did you raise this issue?      ❒  Yes      ❒  No

         (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:


(d)      **Post-Conviction Proceedings:**

         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

               ❒   Yes      ❒   No

         (2) If your answer to Question (d)(1) is "Yes," state:

         Type of motion or petition:

         Name and location of the court where the motion or petition was filed:


         Docket or case number (if you know):

         Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏  Yes  ❏  No

(4) Did you appeal from the denial of your motion or petition?  ❏  Yes  ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes  ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
        have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ❑ Yes  ❑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    ❑ Yes  ❑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❑ Yes  ❑ No

(4) Did you appeal from the denial of your motion or petition?  ❑ Yes  ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑ Yes  ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❒ Yes      ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ❒ Yes      ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

✎AO 241                                                                                    Page 13
(Rev. 10/07)

13.     Please answer these additional questions about the petition you are filing:

        (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

                having jurisdiction?     ❐   Yes        ❐   No

                If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

                presenting them:


        (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so,

                ground or grounds have not been presented, and state your reasons for not presenting them:


14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?     ❐   Yes        ❐   No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

        of any court opinion or order, if available.


15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?     ❐   Yes        ❐   No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

        raised.

✎AO 241
(Rev. 10/07)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

        judgment you are challenging:

        (a) At preliminary hearing:


        (b) At arraignment and plea:


        (c) At trial:


        (d) At sentencing:


        (e) On appeal:


        (f) In any post-conviction proceeding:


        (g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?              ❑   Yes       ❑   No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



        (b) Give the date the other sentence was imposed:

        (c) Give the length of the other sentence:

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?               ❑   Yes       ❑   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)       A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)       the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)       the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)       the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)       the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)       The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:


or any other relief to which petitioner may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.